IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAURICE ROSE (M22389), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11-cv-4192 |
| vs.. | ) | |
| | ) | District Judge Robert M. Dow, Jr. |
| CORRECTIONAL OFFICER RANDALL | ) | |
| and COOK COUNTY, | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's Standing Order Requiring Initial Status Report, the parties state as follows:

**A. The Attorneys of Record for the Parties, who will Try the Case, are:**

1. For the plaintiff Paurice Rose: Marion B. Adler and Drew G.A. Peel of the law firm Rachlis Durham Duff Adler & Peel, LLC.

2. For the defendants, Correctional Officer Bryan Randall and Cook County: Amrith K. Aakre, Assistant State's Attorney for Cook County, Illinois.

**B.     The Basis for Federal Jurisdiction:** 28 U.S.C. § 1331, as all of the claims asserted by the plaintiff arise under the laws of the United States. *See* 42 U.S.C. § 1983 (deprivation of federal constitutional and statutory rights under color of State law); 42 U.S.C. §§ 12132 & 12133 (Americans with Disabilities Act); 29 U.S.C. §§ 794 & 794A (Rehabilitation Act).

**C.     The Nature of the Claims Asserted in the Complaint:** Rose alleges that defendant Randall – acting in his capacity as a correctional officer employed by the County at the County Jail where Rose was incarcerated – improperly required Rose to take the stairs in lieu

1

of using an elevator. Rose is mobility-impaired and at the time of the incident walked only with the assistance of a cane and leg braces. Rose alleges that, as a result of Randall's actions, Rose stumbled and fell as he was descending the stairs, resulting in both immediately acute and long-term chronic injury. Rose seeks to hold Randall liable pursuant to 42 U.S.C. § 1983 for the unnecessary and wanton infliction of pain, in violation of Rose's rights under the Due Process Clause of the federal Constitution. Rose seeks to hold the County liable pursuant to the Americans with Disabilities Act and Rehabilitation Act for discriminating against him on the basis of his disability by failing to provide him with reasonable accommodation for his mobility-impairment.

  **D.** **Status of Service of Process:** No parties remain to be served with process.

  **E.** **The Principal Legal Issues:** The principal legal issues in the case involve mixed-questions of law and fact – i.e., applying the principles of liability and damages arising under the federal statutes at issue to the circumstances of this case.

  **F.** **The Principal Factual Issues:** The parties are currently aware of the following principal, factual issues:

    1. the circumstances surrounding the incident in which Rose fell down the stairs

    2. the injuries sustained by Rose as a proximate result of that fall

  **G.** **Jury Trial Demand:** The plaintiff Rose demanded a jury trial with the filing of his original complaint, on June 20, 2011.

  **H.** **Status and Proposal for Discovery:** No formal discovery has been taken. However, without waiting for a formal discovery request, the plaintiff did execute releases pursuant to HIPAA and provided them to defense counsel on December 29, 2011, authorizing

the defendants to obtain medical records relating to Rose's injuries sustained as a result of the incident.

The plaintiff Rose has not yet served the initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure. The Defendants served their initial disclosures on January 24 2012.

The parties currently anticipate that discovery will consist of the following:

1. Interrogatories, including identifying witnesses with knowledge of the incident and the injuries sustained by Rose.

2. Document Requests, including records from the County relating to (a) the incident, (b) the policies, practices, and procedures applicable to the accommodations provided to mobility-impaired inmates; and (c) the employment history of defendant Randall.

3. Depositions of plaintiff Rose, defendant Randall, Randall's supervisor, a 30(b)(6) designee of the County, witnesses to the incident, and medical personnel familiar with the injuries sustained by Rose.

4. Expert reports and depositions pertaining to Rose's injuries.

The parties propose the following schedule:

1. Service by plaintiff Rose of initial disclosures by March 9, 2012.[1]

2. Close of Fact Discovery by October 1, 2012.

3. Close of Expert Discovery by January 31, 2013.

---

[1] Counsel for plaintiff Rose – Marion Adler and Drew Peel – have a three-week jury trial before Judge Feinerman, beginning on February 21, 2012. This trial and the difficulties of communicating with plaintiff Rose (currently incarcerated downstate at the Big Muddy River Correctional Center) account for their proposed timing for the exchange of initial disclosures.

3

**I.** The parties currently estimate that the earliest date by which the case will be ready for trial is April 2013. They currently estimate that the trial will last 3 to 5 days.

**J.** The parties do not currently, unanimously consent to proceeding before the Magistrate Judge.

**K.** There has been no settlement discussions to-date.

**L.** The parties agree that a settlement conference with the Magistrate Judge may be appropriate once they have exchanged initial disclosures.

Respectfully submitted,

 /s/ Marion B. Adler                                  /s/ Amrith K. Aakre
Marion B. Adler (ARDC No. 6182504)       Amrith K. Aakre (ARDC No. 6288900)
Drew G.A. Peel (ARDC No. 6209713)        Office of the State's Attorney of Cook County
542 South Dearborn St., Suite 900              500 Richard J. Daley Center, Suite 500
Chicago, Illinois  60605                                Chicago, Illinois  60602
312-733-3950                                              312-603-3401

**Certification of Permission to Sign E-Filed Document**

Marion B. Adler certifies that she received permission from counsel for the Defendants, Amrith K. Aakre, to affix her signature to the foregoing Joint Initial Status Report.

  /s/ Marion B. Adler