IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAURICE ROSE. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11-cv-4192 |
| vs.. | ) | |
| | ) | District Judge Robert M. Dow, Jr. |
| BRYAN RANDALL, COOK COUNTY, | ) | |
| and THOMAS DART, | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

**ROSE'S MOTION TO STRIKE VARIOUS OF DEFENDANTS'**
**AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the plaintiff Paurice Rose moves to strike defendants' First, Second and Fourth Affirmative Defenses to the Second Amended Complaint because they consist of bare-bones, conclusory pleading that fail to satisfy Rule 8's pleading standards.

In further support of this motion, plaintiff Rose states as follows:

1.  This lawsuit arises out of a fall that plaintiff Rose sustained at the County Jail, while incarcerated as a pretrial detainee, as a result of defendant Randall's insistence that Rose descend to a lower floor via the stairs, rather than elevator, even though, at the time, Rose was mobility-impaired and unable to walk except with the assistance of a cane and leg brace. As a result of that fall, Rose is no longer able to walk, even with these aids, and must rely upon a wheelchair.

2.  The Defendants' First, Second, and Fourth Affirmative Defenses read in their entirety:

1. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (a). *See Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999).

2. The actions of individual-Defendants were at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, individual-Defendants assert and are entitled to the defense of Qualified Immunity.

4. To the extent that Plaintiff alleges any state law claims, Defendants are provided immunity as local public entities and public employees as defined by the Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et. seq., (1995 as amended), and as such can avail themselves of any and all immunities and defenses provided for therein.

(See Exhibit A at 11.)

3. These conclusorily-pled affirmative defenses are wholly insufficient. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure," including Rule 8(a)'s requirement that the pleading "set forth a 'short and plain statement' … of the defense." *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), *quoting, Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 736-37 (N.D. Ill. 1982).

4. In particular, affirmative defenses – like the First, Second, and Fourth Affirmative Defenses here – are legally insufficient where they consist of "nothing but bare bones conclusory allegations" and "omit[] any short and plain statement of facts." *Heller*, 883 F.2d at 1295 (affirming District Court's striking of affirmative defenses). *Accord, e.g., Riemer v. Chase Bank, USA*, 274 F.R.D. 637, 639 (N.D. Ill. 2011) (striking affirmative defenses that consisted of "exceedingly sketchy and conclusory allegations"); *Massenberg v. A&R Security Svc., Inc.*, No. 10 C 7187, 2011 WL 2909364 (N.D. Ill. July 18, 2011) (striking affirmative defenses, including

failure to exhaust administrative remedies, because they "merely identify the affirmative defense without further elaboration or explanation").[1]

WHEREFORE, this Court should enter an order striking the Defendants' First, Second and Fourth Affirmative Defenses.

Respectfully submitted,

 /s/ Marion B. Adler
Marion B. Adler (ARDC No. 6182504)
Drew G.A. Peel (ARDC No. 6209713)
Rachlis Durham Duff Adler & Peel, LLC
542 S. Dearborn St., Suite 900
Chicago, Illinois  60605
312-733-3950

Dated:  May 7, 2012

---

[1] As addressed in Judge Cole's thoughtful decision in *Riemer*, 274 F.R.D. at 639-40, there is a split of authority as to whether the pleading standards of *Twombley* and *Iqbal* apply to affirmative defenses. As Judge Cole observes, the majority of courts have held that the *Twombley/Iqbal* standard does apply. *Id.* at 640 nn. 1&2. *See also Massenberg*, at 2011 WL 2909364 *1 (Judge Holderman agreeing with majority that *Iqbal/Twombley* standard applies).

As in *Riemer*, however, it is unnecessary for this Court to resolve that split because, even under the more relaxed standard that predated *Twombley* and *Iqbal* – as exemplified by the Seventh Circuit's *Heller* decision – the skeletal pleading of Defendants' Affirmative Defenses are improper.