# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAURICE ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 4192 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow Jr. |
| BRYAN RANDALL COOK COUNTY, and THOMAS DART, | ) ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME the Defendants, BRYAN RANDALL, COOK COUNTY, and THOMAS DART, by and through their attorney ANITA ALVAREZ, through her Assistant State's Attorney Amrith K. Aakre, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, presents the following Answer to Plaintiff's Second Amended Complaint:

**Jurisdiction and Venue**

1. Federal subject matter jurisdiction arises over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The claims asserted in Court I arising under 42 U.S.C. §1983, fall within the purview of 28 U.S.C. §§ 1331 and 1367. The claims asserted in Count II arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12132 and 12133, and the Federal Rehabilitation Act, 29 U.S.C. §§ 794 and 794A, fall within the purview of U.S.C. § 1331. The state law claims asserted in Counts III and IV are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

   **ANSWER**: Defendants' admit only that jurisdiction is proper.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b). A substantial part of the events giving rise to the claims at issue in this action took place at the Cook County Jail, located at 2700 South California Street in the City of Chicago ("the Jail").

**ANSWER**: Defendants' admit only that venue is proper.

### The Parties

3. The plaintiff Paurice Rose ("Rose") is a citizen of the State of Illinois. At the time of the incident at issue in this case, he was a pretrial detainee held in custody at the Jail.

**ANSWER**: Defendants admit only that Plaintiff was previously incarcerated at the Cook County Jail, and are without sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 3.

4. Defendant Bryan Randall ("Randall") was, at the time of the incident at issue in this case, employed as a correctional officer by the Cook County Department of Corrections.

**ANSWER**: Defendants admit only that Officer Randall is a Correctional Officer at the Cook County Department of Corrections and has been since 1999.

5. Cook County (the "County") is a municipality organized under Illinois law. The Jail is administered by the County's Department of Corrections.

**ANSWER**: Defendants' admit that Cook County is a legal, municipal entity. Defendants deny the remaining allegations contained in paragraph 5.

6. Defendant Thomas Dart ("Dart" or "the Sheriff") was at the time of the incident at issue in this case, the duly elected Sheriff of Cook County. In that capacity, Dart was the senior executive officer at the County with overall responsibility for the

operations of the Jail.

**ANSWER**: Defendants admit only that Thomas Dart is the elected Sheriff of the Cook County Sheriff's Office, and has been since 2006.

## Background Facts

7. Plaintiff Rose was placed in the custody of the Department of Corrections and incarcerated at the Jail on April 8, 2011 as a pre-trial detainee.

    **ANSWER**: Defendants admit the allegations contained in paragraph 7.

8. As of April 8, 2011, Rose was unable to walk without the use of a brace and cane as the result of a lumbar spinal cord injury he had previously sustained.

    **ANSWER**: Defendants admit that plaintiff previously sustained an injury as a result of a gunshot wound, however deny the remaining allegations contained in paragraph 8.

9. A written Order prepared by an employee of the Department of Corrections as part of Rose's intake at the Jail on April 8, 2011 noted that Rose used a brace and cane.

    **ANSWER**: Defendants admit only that, upon entry into Cook County Jail, plaintiff's self reported usage of a brace and cane was made part of his intake record, however deny the remaining allegations contained in paragraph 9.

10. As of May 12, 2011, Rose was housed in a cell at the Jail located on the fourth floor of Division 10 of the Jail.

    **ANSWER**: Defendants admit the allegations contained in paragraph 10.

11. Rose has been assigned to a cell in Division 10 because of his special medical needs, in accordance with the Jail's policies and procedures.

    **ANSWER**: Defendants admit the allegations contained in paragraph 11.

Case: 1:11-cv-04492 Document #: 386 Filed: 05/03/22 Page 3 of 15 PageID #:1244

12. On May 12, 2011, a nurse working in Division 10 directed that Rose be brought to the Jail's health facility for a change of dressing on his spinal wounds.

   **ANSWER**: Defendants deny the allegations contained in paragraph 12.

13. The health care facility where Rose was to be brought for treatment was located on a lower level of the Jail.

   **ANSWER**: Defendants admit the allegations contained in paragraph 13.

14. On prior occasions when Rose was required to go to the Jail's health care facility, the correctional staff responsible for escorting him had always used the elevator to move him between floors of the jail.

   **ANSWER**: Defendants deny the allegations contained in paragraph 14.

15. On May 12, 2011, defendant Randall was assigned responsibility for escorting Rose to the health care facility.

   **ANSWER**: Defendants deny the allegations contained in paragraph 15.

16. In the course of escorting Rose to the health care facility on May 12, 2011, Randall directed Rose to use the stairs to descend to the lower floor where the health care facility was located.

   **ANSWER**: Defendants admit that plaintiff took the stairs to the dispensary, but deny the remaining allegations contained in paragraph 16.

17. Rose told Randall that Rose had a spinal cord injury, that he could only walk with the use of a cane, and that he had always been transported via the elevator in his prior visits to the Jail's health care facility.

   **ANSWER**: Defendants deny the allegations contained in paragraph 17.

18. Randall refused to allow Rose to use the elevator.

4

**ANSWER**: Defendants deny the allegations contained in paragraph 18.

19. Randall ordered Rose to descend the stairs.

    **ANSWER**: Defendants deny the allegations contained in paragraph 19.

20. At the time of this conversation, Rose was using his cane and it was visually apparent to Randall that Rose needed the cane to walk.

    **ANSWER**: Defendants deny the allegations contained in paragraph 20.

21. Rose tried to comply with Randall's order by walking down the stairs. However, he was unable to do so, fell, and rolled down the stairs.

    **ANSWER**: Defendants deny the allegations contained in paragraph 21.

22. In this fall, Rose sustained substantial injury.

    **ANSWER**: Defendants deny the allegations contained in paragraph 22.

23. After the fall, Rose was unable to get up on his own.

    **ANSWER**: Defendants are without sufficient information with which to admit or deny the allegations contained in paragraph 23.

24. Rose was removed from the stairwell by an emergency medical team and taken by ambulance to Mt. Sinai Hospital.

    **ANSWER**: Defendants admit the allegations contained in paragraph 24.

25. Rose received additional medical treatment at John H. Stroger Hospital the following day, at which time it was determined that the fall had resulted in injuries to his lower spinal cavity that rendered him unable to use his legs or walk.

    **ANSWER**: Defendants admit only that plaintiff was transported to John H. Stroger Hospital for follow up care, however deny the remaining allegations contained in paragraph 25.

26. Since Rose's fall in the Jail stairway on May 12, 2011, Rose has been unable to walk and is bedridden.

    **ANSWER**: Defendants deny the allegations contained in paragraph 26.

27. In addition to rendering him unable to walk, because he is bedridden, the fall has resulted in Rose's suffering chronic, severe bedsores.

    **ANSWER**: Defendants deny the allegations contained in paragraph 27.

## Count I

## 42 U.S.C. § 1983 – Against Randall

28. Rose repeats and realleges paragraphs 1-27 as Complaint paragraph 28.

    **ANSWER**: Defendants repeat and reallege to incorporate herein all Answers to paragraphs 1-27 in response to the allegations contained in paragraph 28.

29. It was readily apparent to Randall on May 12, 2011 that Rose was disabled and unable to use the stairs.

    **ANSWER**: Defendants deny the allegations contained in paragraph 29.

30. Randall could observe on May 12, 2011 that Rose needed a cane to walk.

    **ANSWER**: Defendants deny the allegations contained in paragraph 30.

31. The intake information prepared by the Jail staff noted that Rose used a cane and brace to walk.

    **ANSWER**: Defendants admit only that plaintiff self-reported his usage of a cane or brace, and deny the remaining allegations contained in paragraph 31.

32. Rose informed Randall of Rose's disability and told Randall that Rose normally was transported by elevator, not stairs, to the healthcare facilities.

    **ANSWER**: Defendants deny the allegations contained in paragraph 32.

33. Randall's insistence that Rose nonetheless descend via the stairwell constituted an unnecessary and wanton infliction of pain on Rose in violation of Rose's Due Process rights under the Fourteenth Amendment of the U.S. Constitution.

    **ANSWER**: Defendants deny the allegations contained in paragraph 33.

34. Randall's refusal to allow Rose to use the elevator proximately caused Rose to sustain bodily injury, including the loss of the ability to walk.

    **ANSWER**: Defendants deny the allegations contained in paragraph 34.

35. Randall's refusal to allow Rose to use the elevator was, at a minimum, in callous disregard for Rose's rights, or in the alternative, was actuated by an evil motive.

    **ANSWER**: Defendants deny the allegations contained in paragraph 35.

## Count II

## Violation of Americans with Disability Act

## and Rehabilitation Act – Against Cook County

36. Rose repeats and realleges paragraphs 1-35 as Complaint paragraph 36.

    **ANSWER**: Defendants repeat and reallege to incorporate herein all Answers to paragraphs 1-35 in response to the allegations contained in paragraph 36.

37. As of May 12, 2011, Rose's mobility-impairment brought him within the definition of a person who had a "disability" within the scope of the protection of the Americans with Disability Act ("ADA") and the Rehabilitation Act.

**ANSWER**: Defendants are without sufficient knowledge and information to admit or deny the allegations contained in paragraph 37.

38. The Jail constitutes a "public entity" within the scope of the ADA Title II, 42 U.S.C. § 12132.

**ANSWER**: Defendants deny the allegations contained in paragraph 38.

39. The County and Jail receive "federal financial assistance" within the scope of the Rehabilitation Act, 29 U.S.C. § 794.

   **ANSWER**: Defendants deny the allegations contained in paragraph 39.

40. By insisting that Rose descend via the stairs rather than the elevator, defendant Randall refused to provide Rose with a reasonable accommodation or Rose's disability.

   **ANSWER**: Defendants deny the allegations contained in paragraph 40.

41. At the time of this incident on May 12, 2011, Randall was employed by the County and acting within the scope of his authority as a County employee. As such, the County is liable for Randall's refusal to make reasonable accommodation for Randall's mobility impairment.

   **ANSWER**: Defendants deny the allegations contained in paragraph 41.

42. As the result of the refusal to make reasonable accommodation for Rose's disability, Rose sustained bodily injury, including the loss of the ability to walk.

   **ANSWER**: Defendants deny the allegations contained in paragraph 42.

## Count III

### Breach of Special Duty of Care – Against Randall

43. Rose repeats and realleges paragraphs 1 through 42 as Complaint paragraph 43.

   **ANSWER**: Defendants repeat and reallege to incorporate herein all Answers to paragraphs 1-42 in response to the allegations contained in paragraph 43.

44. Illinois imposes a duty of care upon jailers to exercise ordinary and reasonable care for the preservation of a prisoner's health and life under the circumstances of the

8

particular case.

**ANSWER**: Defendants admit the allegations contained in paragraph 44.

45. On May 12, 2011, it was readily apparent to Randall that Rose was disabled and unable to use the stairs.

**ANSWER**: Defendants deny the allegations contained in paragraph 45.

46. Randall could observe that Rose needed a cane to walk.

**ANSWER**: Defendants deny the allegations contained in paragraph 46.

47. The intake information prepared by the Jail staff noted that Rose used a cane and brace to walk.

**ANSWER**: Defendants admit only that plaintiff self-reported his usage of a cane or brace, and deny the remaining allegations contained in paragraph 47.

48. Rose informed Randall of Rose's disability and told Randall that Rose normally was transported by elevator, not stairs, to the healthcare facilities.

**ANSWER**: Defendants deny the allegations contained in paragraph 48.

49. In willful and wanton disregard for Rose's disability and in breach of the duty of care that Randall owed to Rose, Randall refused to allow him to use the elevator, instead requiring that Rose descend via the stairwell.

**ANSWER**: Defendants deny the allegations contained in paragraph 49.

50. Randall's refusal to allow Rose to use the elevator proximately caused Rose to sustain bodily injury, including the loss of the ability to walk.

**ANSWER**: Defendants deny the allegations contained in paragraph 50.

**Count IV**

**Respondeat Superior – Against Dart**

51. Rose repeats and realleges paragraphs 1 through 50 as Complaint 51.

    **ANSWER**: Defendants repeat and reallege to incorporate herein all Answers to paragraphs 1-50 in response to the allegations contained in paragraph 51.

52. Pursuant to Illinois law, Sheriff Dart is vicariously liable for the acts and omissions of Officer Randall, in his refusing to accommodate Rose's request that he be allowed to use the elevator rather than the stairs.

    **ANSWER**: Defendants deny the allegations contained in paragraph 52.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff Paurice Rose prays that this Court:

A. Enter judgment in Rose's favor and against the defendants on each Count of the Complaint;

B. Enter an award of actual damages in Rose's favor against each defendant to compensate Rose for the past, present and future damages that he has and will sustain as the proximate result of the injuries he sustained from the fall, including compensation for economic/monetary losses for pain and suffering;

C. Pursuant to Count I, enter an award of punitive damages in favor of Rose and against defendant Randall;

D. Pursuant to Counts I and II, enter an award in Rose's favor and against defendants Randall and Cook County for the attorneys' fees and litigation expenses incurred in this action;

E. Award Rose the costs of this action; and

F. Grant Rose such other relief as is just and equitable.

**ANSWER**: Wherefore, Defendants Bryan Randall, Cook County, and Thomas Dart deny

10

all allegations contained in paragraph Prayer for Relief (A-F), or that Plaintiff is entitled to any damages. Defendants pray that this Honorable Court enter a finding that Plaintiff is not entitled to the relief requested in the Complaint, that Plaintiff's Complaint be dismissed with prejudice, and that this Court award attorneys fees and costs along with granting other such relief to Defendants as it deems proper and just.

## AFFIRMATIVE DEFENSES

NOW COME Defendants Bryan Randall, Cook County, and Thomas Dart, by and through their attorney, Anita Alvarez, Cook County State's Attorney, through her assistant Amrith K. Aakre, and assert the following Affirmative Defenses:

1.  Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (a). *See Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999).

2.  The actions of individual-Defendants were at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, individual-Defendants assert and are entitled to the defense of Qualified Immunity.

3.  To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under Section 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

4. To the extent that Plaintiff alleges any state law claims, Defendants are provided immunity as local public entities and public employees as defined by the Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et. seq., (1995 as amended), and as such can avail themselves of any and all immunities and defenses provided for therein.

11

5. Defendant Thomas Dart is immune from Plaintiff's state law claims under 745 ILCS 10/2-102 (2012) of the Illinois Tort Immunity Act which provides as follows: " A local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party."

6. Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-202 (2012) of the Illinois Tort Immunity Act which provides as follows: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such acts are willful and wanton conduct."

7. Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-204 (2012) of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of employment, is not liable for any injury caused by the act or omission of another person."

8. Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-109 (2012), which states: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

**WHEREFORE**, Defendants Bryan Randall, Cook County, and Thomas Dart deny that Plaintiff is entitled to any damages. Defendants pray that this Honorable Court enter a finding that Plaintiff is not entitled to the relief requested in the Complaint, that Plaintiff's Complaint be dismissed with prejudice, and that this Court award attorneys fees and costs along with granting other such relief to Defendants as it deems proper and just.

## JURY DEMAND

Defendants Bryan Randall, Cook County, and Thomas Dart respectfully request a trial by jury.

                        Respectfully submitted,

                        ANITA ALVAREZ
                        State's Attorney of Cook County

By:   */s/ Amrith K. Aakre*
       Amrith K. Aakre
       Assistant State's Attorney
       Torts / Civil Actions Bureau
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-3401

## CERTIFICATE OF SERVICE

To: Marion B. Adler
      Rachlis Durham Duff Adler & Peel, LLC
      542 S. Dearborn Street, Suite 900
      Chicago, IL 60605
      *Attorney for Plaintiff*

I, Amrith K. Aakre, Assistant State's Attorney, hereby certify that the attached motion was served upon the person named above via ECF on May 3, 2012 prior to 5:00 P.M.

                                          /s/ *Amrith K. Aakre*
                                          Amrith K. Aakre

14